**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-01611-VAP (KKx)                               Date:  August 14, 2014

Title:   ELITE PROPERTY MANAGEMENT, LLC, etc., v. JOHN O. HOPKINS AND DOES 1 THROUGH 10, INCLUSIVE
==========================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  Marva Dillard                |  None Present    |
|  Courtroom Deputy             |  Court Reporter  |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

　　　On December 27, 2013, Plaintiff Elite Property Management, LLC, trustee of the Santa Barbara Trust #7251, ("Elite Property") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendant John O. Hopkins ("Hopkins"), in case number UDFS 1306211. (See Ex. A to Not. of Removal (Doc. No. 1).)  On August 6, 2014, Hopkins, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting Elite Property violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201. (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

EDCV 14-01352-VAP (DTBx)
ELITE PROPERTY MANAGEMENT, LLC, etc., v. JOHN O. HOPKINS AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of August 14, 2014

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Hopkins argues that Elite Property's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Not. of Removal at 2-3.) Specifically, Hopkins argues that Elite Property violated PTFA by filing a state eviction proceeding before allowing 90 days to lapse as required by PTFA. (Id. at 3.) Accordingly, Hopkins contends that Elite Property's violation of federal law confers this Court with federal question jurisdiction.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, Elite Property's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013). In other words, Elite Property is barred from suing Hopkins under the PTFA. Thus, Hopkin's argument that Elite Property has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit. As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action. See

EDCV 14-01352-VAP (DTBx)
ELITE PROPERTY MANAGEMENT, LLC, etc., v. JOHN O. HOPKINS AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of August 14, 2014

Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Additionally, the Court notes that this is the third time that Hopkins has removed this action to the district court. On February 19, 2014, Hopkins removed this action in case number 5:14-cv-00306-ODW-SP.[1] The case was sua sponte remanded two days later. In the order remanding, Judge Wright noted that "this Court has only limited jurisdiction—jurisdiction which can never, as a matter of law, reach the federal defenses in this removed action. Rather, Defendant may raise those defenses, if any, before the San Bernardino County Superior Court." Elite Property Management, LLC, etc. v. John O. Hopkins, et al., 5:14-cv-00306-ODW-SP (C.D. Cal. February 21, 2014) (Doc. No. 5).

Undeterred, Hopkins removed this action again on May 14, 2014, in case number 5:14-cv-00967-JFW-RZ.[2] The case was remanded after Hopkins filed to oppose a motion to remand. In the order remanding, Judge Walter noted once again that unlawful detainer actions cannot be properly removed to federal court. Elite Property Management, LLC, etc. v. John O. Hopkins, et al., 5:14-cv-00967-JFW-RZ (C.D. Cal. June 3, 2014) (Doc. No. 11).

The Court cautions Hopkins that if he attempts to remove this action again, the Court will entertain a motion filed by Elite Property, upon proper notice to Hopkins, for sanctions. These sanctions may include, but are not limited to, monetary sanctions or a declaration that Hopkins is a vexatious litigant subject to certain restrictions on filing future cases in federal court.

Accordingly, the Court REMANDS this matter to the California Superior Court

---

[1] Upon review of the docket this case, the Court notes that the notice of removal filed there is nearly identical to the one filed in the case at bar.

[2] Again, this notice of removal is nearly identical to the one filed in the case at bar.

MINUTES FORM 11                                      Initials of Deputy Clerk ___md___
CIVIL -- GEN                         Page 3

EDCV 14-01352-VAP (DTBx)
ELITE PROPERTY MANAGEMENT, LLC, etc., v. JOHN O. HOPKINS AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of August 14, 2014

for the County of San Bernardino.

**IT IS SO ORDERED.**